IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>OLUWOLE ADEGBORUWA and ENRIQUE ISONG<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 2:19-cr-00260-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Oluwole Adegboruwa moves to dismiss the case against him due to alleged violations of his rights under the Speedy Trial Act and his Sixth Amendment right to a speedy trial. ECF No. 635. The motion is DENIED.

## BACKGROUND

In July 2019, the government obtained an indictment against Adegboruwa. The court ordered that he be detained pending trial. In January 2020, the government obtained a superseding indictment, which added charges against seven new codefendants. Six of the codefendants were arrested and made initial appearances before this court. But the government was unable to locate the seventh codefendant, Enrique Isong, who remained at large. With the consent of the parties, the court excluded time from the Speedy Trial Act calculation a number of times. Time was also excluded due to the filing of pretrial motions. The court scheduled a joint trial for all defendants to begin in August 2023. In May, June, and July of 2023, all six of Adegboruwa's codefendants who had been arraigned changed their pleas to guilty. To accommodate the shrinking number of defendants going to trial, the court granted a short continuance of the trial date until September 5, 2023.

On August 14, 2023, the government conducted an interview with one of Adegboruwa's codefendants in preparation for the upcoming trial. The codefendant disclosed a cell phone number that he had recently used to contact Isong. A deputy marshal conducted an open-source check and discovered that the phone number was associated with a residence in Southern California where Isong had previously resided with a romantic partner.

On August 15, 2023, the government filed an application for a search warrant for the service provider's records for the phone number. Specifically, the government sought location data associated with the cell phone assigned to the number, including records of the cell tower and antenna face through which electronic communications were sent and received, commonly referred to as "ping data." The purpose of the search warrant was to learn the location of the cell phone that Isong had been using. A judge issued the search warrant on the same day. The information obtained from the warrant indicated that Isong had returned to the Southern California residence. Based on the information obtained due to the discovery of Isong's phone number, marshals arrested Isong in Southern California on August 17, 2023.

On August 21, 2023, the government moved to continue the trial date to allow Isong's counsel time to get up to speed on the case so that the court could hold a single trial for the charges against Adegboruwa and Isong. Counsel for Isong agreed to the proposed continuance. On August 23, 2023, Adegboruwa filed a motion to sever the charges against Isong from his case so that the trial could proceed as planned. On August 24, 2023, the court held a hearing on the government's motion to continue and Adegboruwa's motion to sever. At the hearing, the government represented that it was able to find Isong after discovering the number for the cell phone that he was using by "pinging" his phone.

Shortly after the hearing, the court denied Adegboruwa's motion to sever and granted the government's motion to continue the trial date until December 4, 2023. In a memorandum decision filed on September 5, 2023, the court explained its reasoning for these rulings and continued the trial by 90 days. The court excluded time from Adegboruwa's speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(6), which excludes time for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." On October 11, 2023, Isong moved to continue the trial date for an additional 180 days in order to prepare for trial. The court granted the motion and continued the trial until May 6, 2024. The court again excluded time from Adegboruwa's speedy trial calculation under 18 U.S.C. § 3161(h)(6).

On January 10, 2024, the government provided additional discovery to Adegboruwa. One of the documents provided was a brief report, titled "Collateral Lead Response," which was authored by a deputy marshal and described Isong's arrest in Southern California. The report states that the United States Marshals Service (USMS) for the District of Utah indicated to the USMS for the Central District of California that "[w]e have developed recent information that target [Isong] is residing back at his last known address . . . . It is requested that surveillance be done at residence to ascertain Subject's whereabouts and effectuate an arrest." Based upon this language found in the Collateral Lead Response, Adegboruwa filed a motion to dismiss the case against him.

## ANALYSIS

### I. THE SPEEDY TRIAL ACT

Adegboruwa first argues that the court should dismiss the case against him for a violation of his rights under the Speedy Trial Act. Notably, he does not assert that his current trial date is beyond the time limit proscribed by the Act when accounting for statutorily permitted exclusions

of time. Instead, he contends that the court erred when it denied his motion to sever. Adegboruwa argues that, based upon newly uncovered evidence contained in the Collateral Lead Response, the court should reconsider its past rulings denying the motion to sever and excluding time from his speedy trial calculation.

In his motion to sever, Adegboruwa argued that the government decided to locate and arrest Isong only to force a continuance of the trial date as part of a bad faith gambit to moot some of his motions in limine that sought to exclude evidence due to inadequate notice. The court rejected Adegboruwa's argument, finding that the government had not engaged "in a scheme to belatedly pursue Isong's arrest in order to force a continuance and moot Adegboruwa's motions in limine." ECF No. 583. In the present motion, Adegboruwa asserts that language found in the Collateral Lead Response shows that the court's finding was in error. He places great weight on the fact that the deputy marshal that authored the report did not specifically state that the Utah marshals had discovered Isong's location by pinging his phone, but instead chose to employ the more generic phrase, "developed recent information" regarding his whereabouts. According to Adegboruwa, this omission proves his theory that the government knew where Isong was living all along and only chose to arrest him at the last minute in an underhanded attempt to derail his pretrial motion strategy and obtain an unjust conviction.

The court is not persuaded. The Collateral Lead Response is ten sentences long, covering about half of a page. The apparent purpose of this perfunctory report is to memorialize a request to apprehend a suspect made by marshals located in Utah to marshals located in the Central District of California and to record the outcome of the request—in this case, the successful arrest of Isong. There is no indication that the deputy marshal that authored the report intended to meticulously catalog all of the evidence or investigative methods used to locate Isong. Thus, the omission of

any specific reference to information gathered due to the ping warrant obtained by the government is not surprising or even particularly noteworthy. Accordingly, the Collateral Lead Response does not convince the court that it erred in finding that the government did not act in bad faith when it located and arrested Isong.

The court reiterates its finding of fact that the government discovered Isong's whereabouts through the cell phone number the government obtained during an interview with a codefendant and not as a result of a conspiracy to arrest Isong on the eve of trial in order to disrupt Adegboruwa's trial strategy. Because the court affirms its prior rulings on the motion to sever and to exclude time from the speedy trial calculation, Adegboruwa has not shown that his rights under the Speedy Trial Act have been infringed. Accordingly, he has not established that the case against him should be dismissed due to a violation of the provisions of the Act.

## II.     THE SIXTH AMENDMENT

Adegboruwa also briefly argues that the court should dismiss the case against him because the delays in bringing him to trial violate his Sixth Amendment right to a speedy trial. Whether a defendant has been denied the right to a speedy trial in violation of the Sixth Amendment is determined on a case-by-case basis by considering four factors enumerated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). Those factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Id.* at 530.

Adegboruwa previously argued that delays to his trial caused by a denial of his motion to sever would violate his Sixth Amendment rights. In its September 5, 2023 memorandum decision, the court analyzed the *Wingo* factors and determined that his constitutional right to a speedy trial would not be violated due to these delays. In this motion to dismiss, Adegboruwa argues that

because the newly disclosed Collateral Lead Response indicates that the government chose to arrest Isong on the eve of trial in order to manufacture a pretext to delay it, the reason for the delay factor now weighs in favor of dismissal, tipping the *Wingo* factors toward a finding that the most recent delays to his trial date violate his Sixth Amendment speedy trial rights.

But, as explained above, the court finds that the report recently disclosed by the government does not indicate that it engaged in underhanded behavior to continue the trial. Accordingly, the reason for delay factor does not favor dismissal. The court affirms its analysis of the *Wingo* factors in its September 5, 2023 memorandum decision and denies Adegboruwa's motion to dismiss the case against him on Sixth Amendment grounds.

## CONCLUSION

For the above-stated reasons, the court denies Adegboruwa's motion to dismiss the case against him.

DATED April 24, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge