IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLUWOLE ADEGBORUWA and ENRIQUE ISONG<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE TO EXCLUDE EVIDENCE UNDER RULE 404(b)**<br><br>Case No. 2:19-cr-00260-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

The government has charged defendant Oluwole Adegboruwa with counts for distribution of oxycodone and for conspiracy to distribute oxycodone. It intends to introduce documents into evidence that purportedly support the government's charges, including spreadsheets documenting sales of oxycodone over the dark web, pay/owe sheets for transactions with codefendants, and advertisements posted on various dark web marketplaces. These documents include references to the sale of controlled substances for which Adegboruwa was not charged, such as morphine, Adderall, hydrocodone, oxymorphone, and Vicodin.

Adegboruwa moves to exclude these documents—or, in the alternative, to require the redaction of all references to the uncharged controlled substances—arguing that they violate Rule 404(b) of the Federal Rules of Evidence, which prohibits some uses of evidence of uncharged crimes but permits other uses of such evidence. Rule 404(b)(1) excludes evidence of an uncharged crime "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2), however, permits the admission of such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Adegboruwa asserts that evidence related to uncharged crimes

should be excluded for two reasons. First, he argues that the government has not provided adequate notice of its intent to proffer evidence of other crimes at trial for a permissible purpose. Second, he contends that the government has not shown that the evidence can be used for one of the permissible purposes listed under Rule 404(b)(2).

## I.    TIMELINESS OF THE GOVERNMENT'S NOTICE

Rule 404(b)(3)(A) requires the prosecutor to "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." The government filed a notice of its intent to offer into evidence documents containing references to controlled substances for which he will not be prosecuted on August 9, 2023. That same day, Adegboruwa filed a motion to exclude this evidence due to inadequate notice in advance of the trial, which was then scheduled to begin on September 5, 2023. The court subsequently continued the trial date to accommodate a joint trial with a codefendant. The trial is currently scheduled to begin on May 6, 2024, nearly nine months after the government provided notice of its intent to use Rule 404(b) evidence.

Adegboruwa has not provided any argument or caselaw suggesting that nine months does not constitute "reasonable notice" under Rule 404(b)(3)(A). Indeed, Adegboruwa has not updated his briefing on this motion since August 2023. The court finds that the government provided sufficient notice of its intent to offer 404(b) evidence to allow Adegboruwa a fair opportunity to meet it. Accordingly, the court rejects his inadequate notice argument.

## II.    ADMISSIBILITY OF THE GOVERNMENT'S RULE 404(B) EVIDENCE

In determining whether the evidence of other drug crimes should be excluded under Rule 404(b), the court must first determine whether this rule even applies. "Because Rule 404(b) only limits evidence of 'other' crimes—those extrinsic to the charged crime—evidence of acts or events

that are part of the crime itself, or evidence essential to the context of the crime, does not fall under the other crimes limitations of Rule 404(b)." *United States v. Parker*, 553 F.3d 1309, 1314–15 (10th Cir. 2009). Other crimes are intrinsic "when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (citation omitted). In other words, intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *Id.* (citation omitted). "Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Id.* (citation omitted).

The evidence of sales of other controlled substances in this case is intrinsic to the evidence of charged oxycodone crimes because they are intertwined. The spread sheets, pay/owe sheets, and advertisements on the dark web contain references to both sales of oxycodone and other controlled substances such as morphine, Adderall, hydrocodone, oxymorphone, and Vicodin. Additionally, these two classes of drug sales were part of the same criminal episode. The documents offered by the government suggest that Adegboruwa sold oxycodone and the other controlled substances at the same time and in the same manner, through a dark web marketplace or peer-to-peer application. Because the evidence of sales of other controlled substances is blended with the factual circumstances of the charged crimes, the references to other controlled substances found in the documents are intrinsic to the crimes charged. Thus, the restrictions of Rule 404(b) do not apply.

Even if the evidence in question were extrinsic and Rule 404(b) applied, the government could introduce evidence of the sale of other drugs under subdivision (b)(2). In determining

whether evidence of other crimes can be introduced for the purpose of proving motive, intent, knowledge, or absence of mistake, courts weigh four factors: "(1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) whether a limiting instruction is given if the defendant so requests." *Parker*, 553 F.3d at 1314.

These four factors all weigh in favor of admission of the evidence of other drug sales. In order to prove its distribution counts against Adegboruwa, the government must prove that he knowingly or intentionally distributed a controlled substance and that the substance was in fact oxycodone. Evidence of the sale of other controlled substances can be introduced for the proper purpose of proving Adegboruwa's knowledge that oxycodone was also a controlled substance. The sale of other controlled substances is relevant to Adegboruwa's knowledge and lack of mistake because the sale of a variety of controlled substances in a dark web marketplace can lead to an inference that he knew that oxycodone was a controlled substance. Moreover, the probative value of this evidence is not substantially outweighed by its prejudicial effect because evidence of the sale of other controlled substances does "not involve conduct any more sensational or disturbing than the crimes with which he was charged." *See United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Finally, the court will give a limiting instruction if Adegboruwa requests one. Thus, the evidence in question is admissible for at least one of the purposes listed in Rule 404(b)(2).

## CONCLUSION

For the above-stated reasons, the court denies Adegboruwa's motion to exclude evidence pursuant to Rule 404(b).

DATED April 24, 2024

BY THE COURT

Jill N. Parrish
United States District Court Judge