IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>v.<br><br>OLUWOLE ADEGBORUWA and ENRIQUE ISONG,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DEFERRING RULING ON MOTION IN LIMINE TO EXCLUDE DEBRIEF STATEMENTS**<br><br>Case No. 2:19-cr-00260-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Oluwole Adegboruwa agreed to participate in a proffer interview with law enforcement agents and the prosecuting attorney. The government asserts that prior to the interview, Adegboruwa signed an agreement that conditionally waived Rule 410(a)(4) of the Federal Rules of Evidence, which excludes from evidence statements made during plea discussions. During the interview, Adegboruwa made incriminating statements. Although the interview was not recorded, the government prepared detailed notes of the interview. The government cannot locate a copy of the waiver agreement bearing Adegboruwa's signature.

Adegboruwa moves to exclude his proffer interview statements from evidence under Rule 410(a)(4). ECF No. 494. The government argues that the court should deny the motion for two reasons. First, it argues that Adegboruwa's interview statements are admissible because they were not made during plea negotiations. Second, it contends that the affidavits of two individuals who declared that Adegboruwa signed the waiver agreement are sufficient to prove that Adegboruwa waived the evidentiary privilege described in Rule 410(a)(4).

I.      SCOPE OF PLEA NEGOTIATIONS

Rule 410(a)(4) excludes from evidence "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea." The government argues that Rule 410(a)(4) does not apply because Adegboruwa's incriminating proffer interview statements were not made during plea discussions. It contends that because it did not specifically discuss a potential plea deal with Adegboruwa during the proffer interview, his statements do not fall within the ambit of Rule 410(a)(4). The court disagrees.

In *United States v. Mezzanatto*, 513 U.S. 196 (1995), the leading case on waiver of Rule 410(a)(4), the Supreme Court addressed a similar scenario. In that case, a criminal defendant met with the prosecutor to discuss the possibility of cooperating with the government. *Id.* at 198. The prosecutor told the defendant that a condition for proceeding with the meeting was that he would have to agree that his statements could be used to impeach any contradictory testimony he might give at trial. *Id.* The defendant agreed to these terms and proceeded to make incriminating statements about his involvement with a drug distribution scheme. *Id.* at 198–99. The government terminated the meeting after it determined that the defendant had not been entirely truthful. *Id.* at 199. The defendant took the stand in the subsequent trial against him, and the government used his proffer statements to impeach his testimony. *Id.* The jury found the defendant guilty. *Id.* The Ninth Circuit reversed the defendant's conviction, holding that the protections of Rule 410(a)(4) could not be waived. *United States v. Mezzanatto*, 998 F.2d 1452, 1454–56 (9th Cir. 1993). The Supreme Court overturned the Ninth Circuit, holding that a criminal defendant may waive Rule 410(a)(4) as a condition precedent for plea negotiations. *Mezzanatto*, 513 U.S. at 210.

Although *Mezzanatto* did not squarely address the issue of what constitutes "plea discussions" under Rule 410(a)(4), the logic of this opinion persuades the court the statements

made by Adegboruwa fall within the protections of this rule. First, the facts of *Mezzanatto* are similar to this case. Like Adegboruwa, the defendant in *Mezzanatto* provided incriminating information to the government with the hope of negotiating a plea deal based on the value of the proffered information. Under this scenario, the Supreme Court did not question the applicability of Rule 410(a)(4) to the proffer statements made by the defendant. Second, the *Mezzanatto* court reasoned that a defendant's proffer is an integral first step of the plea bargain process. Rejecting the Ninth Circuit's contention that enforcing Rule 410(a)(4) waivers would stifle plea negotiations, the Supreme Court opined that prosecutors may be less likely to engage in negotiations if they were unable to secure the assurances provided by a waiver agreement that the defendant is providing a truthful and accurate proffer of information in exchange for a more lenient sentence. *Mezzanatto*, 513 U.S. at 207–08. "If prosecutors were precluded from securing [Rule 410(a)(4) waiver] agreements, they might well decline to enter into cooperation discussions in the first place and might never take this potential first step toward a plea bargain"—i.e., the defendant's proffer of information to the government. Thus, the *Mezzanatto* Court viewed such a defendant's proffer as an integral part of the plea negotiations.

This court agrees. The only rational reason that a criminal defendant would make incriminating statements to the prosecutor is that he expects that the government will be willing to offer a more favorable plea deal in exchange for the information. The government's insistence that a defendant place his or her cards on the table first, so that it can evaluate the value of the information before negotiating, does not sever the defendant's proffer from the plea negotiation process. Accordingly, Rule 410(a)(4) excludes from evidence Adegboruwa's proffer statements.[1]

---

[1] The government argues that that the proffer statements were not part of the plea negotiations because the waiver agreement states Adegboruwa's purported understanding that the proffer meeting was "not being held in the course of plea discussions." But, as discussed below, the

## II.    WAIVER AGREEMENT

As discussed above, a criminal defendant may waive the Rule 410(a)(4) evidentiary privilege. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995); *United States v. Mitchell*, 633 F.3d 997, 1006 (10th Cir. 2011) (extending *Mezzanatto*'s reasoning to include case-in-chief waivers). The government asserts that Adegboruwa executed a written agreement waiving Rule 410(a)(4) if he presents any evidence or argument at trial that contradicts his proffer statements. But the government concedes that it cannot locate a signed copy of this agreement. The government presents the affidavits of the prosecutor and the defense counsel who attended the proffer meeting[2] in support of its contention that Adegboruwa signed the written agreement and should be bound by its terms. The question before the court, therefore, is whether the government has adequately proved that Adegboruwa has conditionally waived the protections of Rule 410(a)(4).

Because a proffer agreement is a contract, courts look to general contract principals to resolve disputes concerning the scope and operation of the agreement. *See United States v. Gillion*, 704 F.3d 284, 292 (4th Cir. 2012) ("[A] proffer agreement operates like a contract; accordingly, we examine its express terms to determine whether the defendant is in breach."); *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir. 1991) ("Pre-trial agreements, such as cooperation agreements and proffer agreements, are interpreted according to principles of contract law."). Under contract law, the party asserting the existence of an agreement bears the burden of proving that a contract

---

government has not yet adequately proven that Adegboruwa signed the proffer letter. Nor would Adegboruwa's professed understanding in an agreement drafted by the government bind the court. As discussed below, a defendant may agree to waive the evidentiary privilege described in Rule 410(a)(4). But he the parties may not dictate to the court how it should categorize the proffer statements.

[2] Both the prosecutor and defense counsel who attended the meeting have since withdrawn from the case.

had been formed and the terms of the contract. *Cal Wadsworth Constr. v. City of St. George*, 898 P.2d 1372, 1376 (Utah 1995). If an alleged written contract is "lost or destroyed, the contents thereof may be proved by oral testimony after a proper foundation has been laid." *Joseph E. Seagram & Sons, Inc. v. Shaffer*, 310 F.2d 668, 674-75 (10th Cir. 1962).

The government presents the affidavits of two individuals who generally aver that Adegboruwa signed an agreement prepared by the prosecutor. But the affidavits do not adequately reveal the foundation for their assertions. They do not state whether they observed Adegboruwa sign the agreement in their presence or whether they saw his signature on the document after he signed it. Because the Tenth Circuit specified that oral testimony after laying adequate foundation was required to prove the existence of a misplaced written contract, the affidavits provided by the government are not sufficient to prove Adegboruwa signed the purported proffer agreement. Live testimony is required to lay a foundation for the affiants' testimony and to permit cross-examination to explore the reliability of their memories.

Accordingly, the court defers ruling on Adegboruwa's motion to exclude his proffer interview statements. If the government wishes to preserve its ability to introduce the statements into evidence at trial, it may request an evidentiary hearing to present live witness testimony regarding the existence of the purported proffer agreement.

DATED April 25, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

5