IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>v.<br><br>OLUWOLE ADEGBORUWA and<br>ENRIQUE ISONG<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING MOTION TO DISMISS<br>SECOND PHASE OF FORFEITURE TRIAL<br><br>Case No. 2:19-cr-00260-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is defendant Oluwole Adegboruwa's motion to dismiss the second phase of the forfeiture trial. ECF No. 900. The court DENIES the motion.

**BACKGROUND**

In May 2019, the government arrested Adegboruwa on charges of distributing oxycodone over the dark web. During the arrest, the government seized some of Adegboruwa's property, including a Trezor cryptocurrency wallet. In July 2019, the government obtained an indictment against Adegboruwa on a charge for conspiracy to distribute oxycodone. In January 2020, the government obtained a superseding indictment, which added new charges and provided notice that the government would seek criminal forfeiture of ten items of specific property, including Bitcoin obtained through cryptographic keys recovered from the Trezor device.

On May 6, 2024, Adegboruwa went to trial on the charges against him. During the trial, he elected to retain the jury to determine the forfeitability of specific property sought by the government. On Friday, May 17, 2024, while the criminal trial was wrapping up, one of the government's investigators was preparing for a potential forfeiture trial. During his preparations, he had an epiphany that investigators might not have searched the Trezor cryptocurrency wallet

for keys to Ethereum cryptocurrency addresses. Investigators conducted a search of the Trezor device and discovered the cryptographic keys for four Ethereum addresses, which held substantial amounts of Ethereum. On Monday, May 20, 2024, the government notified Adegboruwa and the court that it would seek to forfeit the additional Ethereum assets that it had recently unlocked. That same day, the jury returned a guilty verdict on all of the counts against Adegboruwa.

On May 21, 2024, the court held a hearing on the government's request to include the newly discovered Ethereum in the forfeiture phase of the trial. Counsel for Adegboruwa objected to the late notice of the government's intent to seek forfeiture of the Ethereum and requested a continuance of the forfeiture trial in order to conduct discovery. Defense counsel represented that a three-month continuance would be sufficient. The court granted in part Adegboruwa's request and bifurcated the forfeiture trial for the newly discovered Ethereum assets. The court scheduled the trial for the Ethereum assets for September 9, 2024, and, on May 22, 2024, went forward with the forfeiture trial for the ten items of property for which the government had provided ample notice. The jury found for the government on each of these properties.

On September 4, 2024, Adegboruwa moved to dismiss the second phase of the forfeiture trial, arguing that "the Government violated the defendant's due process rights by failing to pursue the forfeiture proceeding in a timely manner." ECF No. 900 at 1. On September 9, 2024, the court held the forfeiture trial for the Ethereum assets, and the jury found that the government had proven that all of the assets were forfeitable.

## ANALYSIS

Adegboruwa relies on *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555 (1983) to support his claim that the second phase of the forfeiture trial violated his due process rights. In that case, a Customs inspector seized $8,850 in cash from an airline passenger who failed to report the money when entering the United States. *Id.*

2

at 558. The government charged the individual with knowingly and willfully transporting the cash into the United States without filing a report and sought criminal forfeiture of the money. *Id.* at 560. A jury acquitted the individual on this charge, precluding criminal forfeiture of the cash. *Id.* About three months later, the government filed a complaint for civil forfeiture of the cash. *Id.* The individual argued that the government's 18-month delay in filing the civil forfeiture complaint violated her due process right to a timely hearing on the civil claim. *Id.* at 560-61.

On appeal, the Supreme Court held that the Due Process Clause precludes excessive delays in initiating civil forfeiture proceedings for assets seized by the government. *Id.* at 562-64. The Court further concluded that the appropriate test for evaluating whether a delay violates due process protections mirrors the test outlined in *Barker v. Wingo*, 407 U.S. 514 (1972) for determining whether a criminal defendant's speedy trial rights under the Sixth Amendment have been violated. *$8,850 in U.S. Currency*, 461 U.S. at 564. Thus, in evaluating a due process challenge to the timeliness of a civil forfeiture proceeding, courts must weigh four factors: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* Applying these factors, the Supreme Court found that the government's 18-month delay in initiating a civil forfeiture proceeding did not infringe the claimant's due process rights. *Id.* at 569.

Adegboruwa does not cite any authority suggesting that the due process test outlined in *$8,850 in U.S. Currency* also applies to delays in commencing a criminal forfeiture proceeding after a conviction. But even if these factors apply, the court finds that Adegboruwa's due process rights were not infringed.

The first *Barker* factor is the length of the delay. This factor "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for

inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. Under the Federal Rules of Civil Procedure, a proceeding to determine the forfeitability of specific property may only commence after a guilty verdict or entry of a plea of guilty. FED. R. CRIM. P. 32.2(b)(1)(A) & (b)(5)(A). At Adegboruwa's request, the second phase of the forfeiture trial was held about three-and-a-half months after the jury's guilty verdict. This short delay is not lengthy enough to trigger an analysis of the other factors.[1] *Cf. United States v. Garcia*, 74 F.4th 1073, 1100 (10th Cir.) (holding that a delay approaching one year is required to trigger an analysis of the other *Barker* factors in the context of a Sixth Amendment challenge to the timelines of a criminal trial). Accordingly, Adegboruwa's due process rights were not violated.

Moreover, an analysis of the other factors confirms that Adegboruwa's due process rights were not violated. Adegboruwa's request for a continuance was the reason for the delay. And he did not assert a Fifth Amendment right until five days before the second phase of the forfeiture trial began. Adegboruwa cannot request a continuance and then complain on the eve of trial about the delay. Finally, the three-and-a-half-month delay did not appreciably prejudice Adegboruwa. He complains of lost evidence due to the shuttering of an Ethereum trading platform that he had

---

[1] Without citation to any authority, Adegboruwa argues that the court should also look to the delay between the government's seizure of the Trezor cryptocurrency wallet and when it provided notice of its intent to seek forfeiture of the Ethereum assets that the government eventually accessed with the cryptographic keys found in the hard wallet. But *$8,850 in U.S. Currency* held that the delay in initiating a forfeiture proceeding is what must be measured.

But even if the delay in providing notice were the proper metric, the *Barker* factors would weigh against finding a violation. Unlike *$8,850 in U.S. Currency*, where the government seized and held cash, it did not confiscate Ethereum from Adegboruwa. It held a device without knowing that it contained the electronic keys to unlock access to the Ethereum. Adegboruwa clearly knew that the government held the keys to unlock the Ethereum. But he remained silent, apparently with the hope that the government would never discover that it possessed those keys. Adegboruwa's failure to ever assert a due process right to a timely hearing on the return of the keys found on the Trezor device would definitively weigh against finding a due process violation under an untimely notice theory.

allegedly used and because he lost his home where he stored his business documents, which he alleges could show a likely legitimate source of the Ethereum. But these events happened before his criminal trial and were not caused by a brief post-trial delay.

Accordingly, the court concludes that even if the Due Process Clause applies to criminal forfeiture proceedings, Adegboruwa's due process rights were not violated. The court denies his motion to dismiss the second phase of the forfeiture trial.

DATED November 7, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge