IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>OLUWOLE ADEGBORUWA and ENRIQUE ISONG<br><br>Defendants. | MEMORANDUM DECISION AND ORDER FINDING VARIOUS MOTIONS FILED BY DEFENDANT OLUWOLE ADEGBORUWA TO BE MOOT<br><br>Case No. 2:19-cr-00260-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are a number of post-conviction motions filed by defendant Oluwole Adegboruwa. ECF Nos. 946, 950, 985, 987, 989, and 1011. In these motions, Adegboruwa principally argues that the policies of the detention facilities where he was housed prior to sentencing interfered with his ability to represent himself and his codefendant, Enrique Isong. These motions are MOOT.

## BACKGROUND

The government charged Adegboruwa and Isong with various drug trafficking and money laundering offenses. They went to trial, and on May 20, 2024, the jury found them to be guilty on all counts. Adegboruwa elected to have the asset forfeiture claims decided by the jury. The court held a one-day forfeiture trial on May 22, 2024, and the jury found that ten items of personal property sought by the government were forfeitable. At Adegboruwa's request, the court continued the forfeiture trial for additional cryptocurrency properties that the government had recently discovered so that defense counsel could conduct discovery regarding these properties. The court scheduled a second phase of the forfeiture trial to be held on September 9, 2024. Both Adegboruwa and Isong were detained in the Davis County Jail pending sentencing.

On June 27, 2024, Adegboruwa filed a motion to proceed pro se. On July 9, 2024, Magistrate Judge Romero held a *Faretta* hearing. She advised Adegboruwa of the inherent difficulties attendant to self-representation and specifically the challenges of proceeding pro se while detained. Adegboruwa affirmed that he wished to proceed pro se, and Judge Romero granted his motion. Judge Romero ordered that Adegboruwa be given access to a laptop and electronic copies of discovery materials so that he could prepare for the second phase of the forfeiture trial. She also authorized funds for Adegboruwa to hire an investigator.

Adegboruwa filed pro se motions to overturn his conviction, citing Rules 29 and 33 of the Federal Rules of Criminal Procedure and the Speedy Trial Act. Isong also filed a motion to proceed pro se. On August 6, 2024, Judge Romero held a *Faretta* hearing and granted the motion. Adegboruwa began providing legal advice and assistance to Isong by drafting motions on his behalf and then delivering them to Isong in the jail for his signature before filing them with the court. On September 9, 2024, the court held the second phase of the forfeiture trial. The jury found that the four additional properties sought by the government were forfeitable.

The government subsequently received information that Adegboruwa was effectively representing his codefendant Isong in this criminal proceeding and requested a hearing to address the situation. On October 3, 2024, Judge Romero held a hearing and explained to the defendants that Adegboruwa could not draft motions on behalf of Isong. Judge Romero also directed the marshal service to assign the Adegboruwa and Isong to different detention facilities. Adegboruwa was subsequently transferred to the Cache County Jail.

On October 3, 2024, Adegboruwa filed two motions:

(1) *ECF No. 946*, Request for Emergency Hearing and Writ of Injunction Against the Davis County Jail. In this motion Adegboruwa complained that a jail employee had

2

refused to deliver to Isong a motion that he had drafted on his behalf. Adegboruwa requested an order from the court directing that jail officials recognize his alleged right to provide legal assistance to Isong.

(2) *ECF No. 950*, Motion in Opposition to Seizure of Tools Provided by the Court, in which Adegboruwa argued that the court should order the return of the laptop and discovery hard drive to him.

On November 5, 2024, Adegboruwa filed three additional motions:

(3) *ECF No. 985*, Motion for Reconsideration of Denial of CJA-Funded Paralegal and Investigator. In this motion, Adegboruwa requested an order reversing a ruling by Judge Romero denying additional funds to hire a paralegal and an investigator to assist him in preparing additional post-trial motions.

(4) *ECF No. 987*, Motion for Preliminary Injunction to Address Violations of Constitutional Rights. In this motion, Adegboruwa alleged that Cache County Jail officials had denied access to his work product and had not provided adequate access to a law library. He requested an order compelling the government to provide him access to legal texts, caselaw database research tools, and writing and mailing materials.

(5) *ECF No. 989*, Motion for Relief from Violations of Constitutional Rights and from Obstruction of Justice. In this motion, Adegboruwa argued that the U.S. Government, the U.S. Marshals Service, and the Cache County Jail were hindering his ability to defend himself because his legal mail had been delayed and opened by jail employees. He requested an order from the court requiring the Cache County Jail to give him all of his legal materials and work product, to provide unrestricted access to the law

library, to provide certified mail service at no cost, and to provide 500 minutes of free call time. Finally, he requested an evidentiary hearing so that he could present evidence that would support dismissal of the charges against him with prejudice.

On November 13, 2024, the court held a sentencing hearing for Adegboruwa. During the hearing, Adegboruwa delivered to the court an additional motion for filing:

(6) *ECF No. 1011*, Motion to Take Judicial Notice, in which Adegboruwa argued that the court should take judicial notice of various documents attached to the motion. Adegboruwa asserted that he intended to offer the documents in order to support the motions listed above.

After the court sentenced Adegboruwa and entered judgment in his case, he appealed. The Tenth Circuit appointed an attorney to brief his appeal, and Adegboruwa was transferred to the custody of the Bureau of Prisons (BOP) to serve his sentence.

## ANALYSIS

Several of the motions listed above seek injunctive relief requiring either the Davis County Jail or the Cache County Jail to provide him with accommodations to enhance his ability to brief and file various post-conviction motions and to allow him to represent his codefendant. ECF Nos. 946, 987, 989. These motions are moot because he is no longer housed in these facilities and is currently in the custody of the BOP. Moreover, Adegboruwa's motions requesting access to the laptop provided by the court and requesting funds to hire a paralegal and an investigator for post-conviction motions are now moot because he has filed his appeal, transferring jurisdiction to the Tenth Circuit. *See* ECF Nos. 950, 985. Finally, his motion for judicial notice is moot because it is ancillary to the other moot motions. *See* ECF No. 1011.

## CONCLUSION

The court finds the motions docketed as ECF Nos. 946, 950, 985, 987, 989, and 1011 to be moot.

DATED January 27, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge